**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **Rachille Houston,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:26-cv-00901-ADA-SH** |
| **Avis Rental Car Company,** | § | |
| *Defendant* | § | |

## ORDER

Plaintiff Rachille Houston, proceeding *pro se*, filed a petition to compel arbitration in Texas state court. *Houston v. Avis Rental Car Co.*, No. D-1-GN-26-000541, 200th Judicial District Ct. (Travis Cnty., Tex. Jan. 28, 2026). Dkt. 1-1. On April 10, 2026, after Houston made some fifty filings in the state court lawsuit, Defendant Avis Rental Car Company timely filed a notice of removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. 1; *see also* Dkt. 8 (Amended Notice of Removal).[1]

Over the ensuing three weeks, Houston has inundated the Court with motions. Most are duplicative, improper omnibus motions and otherwise violate Court rules. That includes Local Rule CV-7(g), requiring parties to advise the Court in each nondispositive motion that they actually conferred with opposing counsel before filing it "in a good-faith attempt to resolve the matter by agreement" and to certify "the specific reason that no agreement could be made." Some of the motions also seek the same relief as Houston's motion for permission to file electronically (Dkt. 17) and were mooted by the Court's grant of that motion by Text Order entered on this day.

---

[1] The District Court referred to this Magistrate Judge all nondispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"), and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 4.

For these reasons, the Court **STRIKES**:

- Plaintiff's Emergency Motion for Expedited Consideration, filed April 13, 2026 (Dkt. 2);

- Plaintiff's Consolidated Emergency Supplemental Amended Motion for Remand and for Assistance Regarding CM/ECF Access . . . , filed April 15, 2026 (Dkt. 11);

- Plaintiff's Conditional Motion to Certify Order Denying Remand for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), filed April 20, 2026 (Dkt. 15);

- Plaintiff's Amended and Supplemental Motion . . . for Leave to Utilize CM/ECF System, also filed April 20, 2026 (Dkt. 16);

- Plaintiff's Motion Statement of Facts and Timeline, also filed April 20, 2026 (Dkt. 18);

- Plaintiff's Amended Supplemental Motion to Remand (Filed in Addition to, Not in Replacement of, Prior Motions), filed April 22, 2026 (Dkt. 19);

- Plaintiff's Consolidated Motion for (1) Judicial Notice and Record Clarification . . . , also filed April 22, 2026 (Dkt. 20);

- Plaintiff's Amended and Supplemental Motion to Strike Undisclosed Agreements and Motion for Sanctions . . . , filed April 29, 2026 (Dkt. 28);

- Plaintiff's Consolidated Amended Supplemental (1) Motion to Remand, (2) Response in Opposition to Defendant's Motion to Dismiss . . . (Not in Replacement of Prior Filings), also filed April 29, 2026 (Dkt. 29);

- Plaintiff's Consolidated Emergency Motion to Stay Proceedings . . . , filed April 30, 2026 (Dkt. 32); and

- Plaintiff's Consolidation Motion (1) Objection and Reply in Opposition to Defendant's Response . . . , also filed April 30, 2026 (Dkt. 33).

Pending are Houston's motion to remand (Dkt. 3), Avis's motion to dismiss (Dkt. 12), and Houston's Expedited Motion Request for Telephonic or Video Hearing, filed April 29, 2026 (Dkt. 27), which is not ripe.[2] The Court will take up these motions in due course.

---

[2] Houston may seek leave to file an amended motion to remand but must abide by the Court's page limits for briefs. Local Rule CV-7(d). The Court will not consider two such concurrently pending motions or multiple responses to Defendant's motion to dismiss. Local Rule CV-7(e). The Court does not strike "Plaintiff's . . . Consolidated Response in Opposition to Defendant's Rule 12(b)(6) Motion . . . ," filed April 20, 2026 (Dkt. 14), to the extent it comprises Houston's response to Avis's motion to dismiss.

The Court **ADMONISHES** Houston that *pro se* litigants – like all other parties – must "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 485 (5th Cir. 2014) (citation omitted).[3] A litigant acting *pro se* "has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Nor does a party's *pro se* status "afford her license to continue to file frivolous motions." *Holmes v. BellSouth Telecomms., LLC*, No. 23-0153, 2023 WL 5610359, at *3 (W.D. La. Aug. 29, 2023). The Court strongly encourages Houston to find counsel to represent her as soon as possible in lieu of proceeding *pro se* in this matter.

The Court also **WARNS** Houston that she if she does not cease filing duplicative and frivolous motions, the Court may impose appropriate sanctions, including monetary sanctions and a pre-filing bar requiring her to seek and receive permission from the Court before filing future motions in this case. *See, e.g., Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991) (stating that *pro se* plaintiff's "wasting of increasingly scarce judicial resources must be brought to an end").

**SIGNED** on May 1, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[3]  Resources for *pro se* parties available on the Western District of Texas website (https://www.txwd.uscourts.gov) include the Federal Rules of Civil Procedure and Local Court Rules (https://www.txwd.uscourts.gov/court-information/appellate-federal-and-local-court-rules/), Pro Se Manual (https://www.txwd.uscourts.gov/filing-without-an-attorney/pro-se-manual/), and FAQs For Pro Se Filers (https://www.txwd.uscourts.gov/filing-without-an-attorney/faqs-for-pro-se-filers/).