# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Rachille Houston,** *Plaintiff***,** | § | |
| | § | |
| **v.** | § | |
| | § | **No. 1:26-cv-00901-ADA-SH** |
| **Avis Budge Car Rental, LLC,** *Defendant* | § | |
| | § | |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DISTRICT JUDGE**

Now before the Court are:

1. Plaintiff's Emergency Motion to Remand, filed April 13, 2026 (Dkt. 3);
2. Defendant's Motion to Dismiss Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(b)(6), filed April 17, 2026 (Dkt. 12);
3. Plaintiff's Amended and Supplemental Expedited Consolidated Emergency Motion to Reset and Schedule Eleven Pending Motions, to Strike Undisclosed Materials, and Consolidated Response in Opposition to Defendant's Rule 12(b)(6) Motion, filed April 20, 2026 (Dkt. 14);
4. Plaintiff's Expedited Motion Request for Telephonic or Video Hearing, filed April 29, 2026 (Dkt. 27);
5. Plaintiff's Corrected Motion for Leave, Stay Case, to File Consolidated, Rule-Compliant Motion, filed May 6, 2026 (Dkt. 37);
6. Plaintiff's Motion Regarding Rule 26(f) Conference, Scheduling Order, Discovery Management, and Pending Disputes, filed June 9, 2026 (Dkt. 39);
7. Plaintiff's Motion to Compel Initial Disclosures, Pre-Removal Discovery, for Rule 37 Sanctions, and Preclusion Order, filed September 17, 2026 (Dkt. 41);
8. Plaintiff's Motion to Stay Further Proceedings, Reply in Opposition to Defendant's Response and Motion to Dismiss, in Support of Motion to Compel Initial Disclosures, Pre-Removal Discovery, and Rule 37 Sanctions and Preclusion, filed September 24, 2026 (Dkt. 43);
9. Plaintiff's Motion for Expedited Consideration of Plaintiff's Motion to Stay Further Proceedings, Reply in Opposition to Defendants' Response and Motion to Dismiss, in Support of Motion to Compel Initial Disclosures, Pre-Removal Discovery, and Rule 37 Sanctions and Preclusion Order, also filed September 24, 2026 (Dkt. 44);

and the associated response and reply briefs.[1]

## I. Background

On February 26, 2025, Plaintiff Rachille Houston rented a car from Defendant Avis Budget Car Rental, LLC at an Avis location in Kennesaw, Georgia, with a return date of March 11, 2025. Dkt. 8-1 at 89.[2] Houston's estimated charge for the rental was $1,096.74. *Id.* It appears that she kept the car until September 24, 2025, when she returned it to an Avis location in Austin, Texas. *Id.* at 345. She was charged $21,803.94 for the 30-week rental. *Id.*

Houston does not dispute that she rented the car for 30 weeks but alleges that Avis charged her $21,803.94 "without first providing an itemized receipt or accounting of the charges." *Id.* at 230. She alleges that she tried to dispute the charges through arbitration proceedings under the parties' "written arbitration agreement," but Avis obstructed the arbitration proceedings by failing to produce the arbitration agreement, and those proceedings were dismissed. Dkt. 8-1 at 6-7.

On January 28, 2026, Houston filed her original Petition to Compel Arbitration in state court seeking to compel Avis to produce the arbitration agreement and arbitrate. *Houston v. Avis Budget Car Rental, LLC*, No. D-1-GN-26-000541 (126th Dist. Ct., Travis Cnty., Tex. Jan. 28, 2026); Dkt. 8-1 at 6-11.[3] She did not seek monetary damages or assert any other causes of action in her Petition to Compel Arbitration.

---

[1] The Honorable Alan D Albright (ret.) referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Judge Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 4.

[2] Houston did not assert her factual allegations or claims in a single pleading and appears to have repeatedly amended her pleadings without labeling those pleading as amendments. *See Ryland Enters., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011). ("[C]ourts should acknowledge the substance of the relief sought despite the formal styling of the pleading.").

[3] The Court may take judicial notice of the state court proceedings as a matter of public record on a motion to dismiss. *See Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

On February 4, 2026, Houston filed an Amended Motion to Compel Arbitration, again seeking an order compelling Avis to arbitration and for "authorization" to pursue monetary damages against Avis in the arbitration proceedings. *Id.* at 83-84. Although Houston acknowledged in that motion that she had recently found "a copy of the arbitration clause printed on the rental receipt,"[4] she still asked for an order compelling Avis to produce "the complete arbitration agreement." *Id.* at 82-83.

In response to her Petition to Compel Arbitration, Avis filed its Original Answer stating that it "does not object to arbitrating with Plaintiff." *Id.* at 116. In reply, Houston moved for entry of default judgment. *Id.* at 122.

On March 11, 2026, the state court held a hearing on the motions to compel arbitration and for default judgment. At the hearing, the parties agreed to proceed to arbitration. *Id.* at 374. But after the hearing, Houston "filed numerous pleadings" stating that she had withdrawn "her consent to arbitrate, including the filing of a jury demand." *Id.* The state court denied the motions to compel arbitration and for default judgment. *Id.* at 372, 374.[5]

Houston then filed an Affidavit of Damages stating that she was seeking monetary damages for "personal and medical impact" due to Avis's failure to provide an itemized receipt for the rental car.[6] *Id.* at 230-31. In that Affidavit of Damages, Houston lists her purported "underlying claims" against Avis to include "breach of contract," "unfair and deceptive practices in commerce," "negligent misrepresentation," "gross negligence," "threats and coercive conduct," and "violations of the Fair Debt Collection Practices Act." *Id.* at 230.

---

[4] Houston attached the rental agreement to her motion. Dkt. 8-1 at 89.

[5] Houston also moved to recuse the state district judge, which was denied. Dkt. 8-1 at 295-96.

[6] Houston asserts that she did not receive an itemized receipt of the charges, but her filings include an itemized receipt. Dkt. 8-1 at 345.

On March 31, 2026, Houston filed a "Supplemental (Amended) Sworn Affidavit of Facts, Medical Impact, Damages, and Factual Statement" elaborating on her damages and stating that she seeks between $400,000 and $3 million in monetary damages. *Id.* at 382. The same day, Houston filed a Supplemental Amended Motion to Strike denying that she ever entered into an arbitration agreement with Avis.

Avis removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446, and 1332 on April 10, 2026 and filed an Amended Notice of Removal four days later. Dkts. 1, 8. Houston now seeks remand under 28 U.S.C. § 1447(c). Avis seeks dismissal under Rule 12(b)(6).

## II. Motion to Remand

Houston argues that this case must be remanded to state court under 28 U.S.C. § 1447(c) because Avis's Notice of Removal was untimely and it does not show diversity jurisdiction under 28 U.S.C. § 1332(a).

Federal district courts have original subject matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and (2) all civil actions when there is complete diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000, *id.* § 1332(a) ("diversity jurisdiction"). Under the removal statute,

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine whether jurisdiction exists for removal, the court considers the

claims in the state court petition as they existed at the time of removal. *Id.* "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

Once removed, a party may seek remand under 28 U.S.C. § 1447(c). Removal may be improper for jurisdictional and procedural reasons. *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020). Jurisdictional defects may be asserted at any point before a final, non-appealable judgment is rendered, while procedural defects must be asserted within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

**A. Diversity Jurisdiction Exists**

Avis removed to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. For complete diversity, "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citation omitted). "For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *Id.* To establish diversity jurisdiction in a suit by or against an LLC, a party "must specifically allege the citizenship of every member of every LLC." *Id.* at 408.

In her Amended Affidavit, Houston alleges that the amount in controversy is between $400,000 and $3 million, meeting the amount in controversy requirement. Dkt. 12-1 at 8. Avis shows that complete diversity exists by submitting evidence that Houston is a citizen of Texas domiciled in Texas and Avis's LLC members are citizens of Delaware. Dkt. 8-2; Drew Kramer Aff. (Dkt. 21-1) ¶ 3; *SXSW*, 83 F.4th at 407-08.

Avis has sustained its burden under § 1332(a) to establish that the Court has diversity jurisdiction. *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018).

**B. Removal Was Timely**

Houston argues that Avis's removal was untimely because its Notice of Removal "was filed 40 days beyond the mandatory statutory deadline." Dkt. 3 at 3.

Under the removal statute, the general rule is that the notice of removal must be filed "within 30 days after the receipt" of the "initial pleading" in that action. 28 U.S.C. § 1446(b)(1). But there is an important exception to the general rule:

> [T]he ordinary 30-day deadline does not apply when a case at first appears unremovable, but a later "pleading, motion, order or other paper" reveals that it is (or has become) removable. In that case, the defendant has another 30 days to remove from "receipt" of the paper "from which it may first be ascertained that the case is . . . removable."

*Enbridge Energy, LP v. Nessel ex rel. Michigan*, 146 S. Ct. 1074, 1079 (2026) (quoting § 1446(b)(3)).

Houston filed her Original Petition on January 28, 2026, but that petition did not specify the amount in controversy. Dkt. 1-1 at 6-11. She filed her Amended Affidavit on March 31, 2026, for the first time alleging a specific amount of damages: that the amount in controversy is between $400,000 and $3 million. Dkt. 12-1 at 8. Avis filed its Notice of Removal eleven days later and its Amended Notice of Removal four days after that. Dkts. 1, 8. Because Avis removed within 30 days from receipt of the "paper" from which it was first ascertained that the case was removable, removal was timely. 28 U.S.C. § 1446(b)(3).

Avis has sustained its burden to show that diversity jurisdiction exists and removal was timely. This Magistrate Judge recommends that Houston's Motion to Remand should be denied.

## III. Motion to Dismiss

Avis asks the Court to dismiss Houston's suit under Rule 12(b)(6) for failure to comply with the basic pleading requirements of Rule 8(a) and allege a plausible claim for relief. Avis argues

that none of Houston's claims are supported by factual allegations or even a "formulaic recitation of the cause's elements" and that she appears to be relying on artificial intelligence software. Dkt. 12 at 2. Avis also points out that Houston's later asserted allegations contradict her earlier judicial admissions, such as her new allegation that the parties did not have a valid arbitration agreement. The Court agrees with Avis that Houston's suit should be dismissed under Rule 12(b)(6).

**A. Legal Standards**

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard in Rule 8 does not require "detailed factual allegations," but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. To survive a Rule 12(b)(6) motion, the plaintiff's complaint "must articulate her grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *King v. Baylor Univ.*, 46 F.4th 344, 355 (5th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The reviewing court "must accept all well-pleaded facts as true, and view them in the light most favorable to the plaintiff." *Walker v Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (2019)

(citation omitted). But courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* While plaintiffs proceeding *pro se* are held to more lenient standards than lawyers when analyzing complaints, "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

> In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201.

*Id.* When a defendant attaches documents to its motion that are referred to in the complaint and are central to the plaintiff's claims, the court also may consider those documents. *Id.* The court "may not consider new factual allegations made outside the complaint" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

Because Houston's state-law claims are before the Court on the basis of diversity jurisdiction, Texas substantive law applies to those claims. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

**B. Breach of Contract**

In Texas, the essential elements of a breach of contract action are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Sugg v. Midwestern Univ.*, 105 F.4th 345, 352 (5th Cir. 2024). To plead a breach of contract claim, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Doe 12 v. Baylor Univ.*, 336 F. Supp. 3d 763, 789 (W.D. Tex. 2018).

Houston makes the conclusory allegation that Avis is liable for "breach of contract, including violations of express and implied contractual obligations." Dkt. 8-1 at 230. It is unclear whether

Houston alleges a breach of the arbitration agreement or rental agreement. In her subsequent pleadings, she states that she "did not sign any arbitration agreement"; there was "No signed agreement"; "No mutual assent"; and thus "NO CONTRACT" under "both Texas and federal law." Dkt. 1-1 at 406, 409. Because Houston expressly denies "the existence of a valid contract," she does not state a plausible breach of contract claim under Texas law. *Sugg*, 105 F.4th at 352 (stating that "the existence of a valid contract" is an essential element).

Even if Houston had not expressly denied the existence of contract, her breach of contract claim should be dismissed because she does not allege what provision of the contract was violated or how Avis breached it. *Doe 12*, 336 F. Supp. 3d at 789.

**C. Negligent Misrepresentation**

To allege negligent misrepresentation under Texas law, the plaintiff must allege (1) a representation made by the defendant in the course of its business or in a transaction in which it has a pecuniary interest that (2) conveyed "false information" for the guidance of others in their business, (3) was made without reasonable care or competence in obtaining or communicating the information, (4) was relied on by the plaintiff, and (5) caused pecuniary loss. *Boeing Co. v. Sw. Airlines Pilots Ass'n*, 716 S.W.3d 140, 151 n.19 (Tex. 2025), *cert. denied*, 146 S. Ct. 1616 (2026).

Houston alleges none of these elements. She alleges that Avis should be liable for "negligent misrepresentation," but states no facts in support. Dkt. 1-1 at 230. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). While Houston contends in her response brief that Avis made "contradictory representations regarding rental authorization," Dkt. 13 at 3, that allegation it is not properly before the Court because a court "may not consider new factual allegations made outside the complaint." *Dorsey*, 540 F.3d at 338. Even had Houston raised that allegation in her pleading, she does not

allege that any representation Avis made was false; she does not dispute that she rented the car for 30 weeks and that the charges were accurate. *Boeing*, 716 S.W.3d at 151 n.19.

Finally, Houston's negligent misrepresentation claim is barred by Texas's economic loss doctrine, which "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 177-78 (5th Cir. 2016) (quoting *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007)). The rule "restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence." *Id.* at 178 (quoting *Lamar Homes*, 242 S.W.3d at 12-13)). Because Houston's negligent misrepresentation claim arises solely from the contractual relationship between the parties, it is barred by the economic loss doctrine. *Id.*

**D. Gross Negligence**

Next, Houston alleges that Avis is liable for "gross negligence" by failing to produce the rental contract and arbitration agreement. Dkt. 8-1 at 230. She asserts in her response brief that Avis is liable for gross negligence by threatening to report the rental car stolen despite authorization, ignoring known risks, and escalating harm. Dkt. 13 at 7.[7]

To recover for gross negligence in Texas, a plaintiff must satisfy the elements of ordinary negligence (that is, a legal duty, breach of that duty, and damages proximately caused from the breach) and show clear and convincing evidence of "an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others." *State v. Shumake*, 199 S.W.3d 279, 286 (Tex. 2006). Extreme risk is "is not a

---

[7] Houston does not defend her separately asserted "threats and coercive" claim in her response, but addresses it under her gross negligence claim. She thus appears to have abandoned an independent claim based on threats and coercive conduct.

remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

Houston's allegations meet none of these elements. The economic loss doctrine bars any potential gross negligence claim as well because Avis's alleged actions arise out of the parties' rental agreement. *Yumilicious Franchise*, 819 F.3d at 178.

**E. Deceptive Trade Practices**

To allege a violation of the Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE § 17.46, Houston must allege that (1) she is a consumer, (2) Avis committed a false, misleading, or deceptive act, and (3) Avis's deceptive acts caused her to suffer damages. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir. 2016).

Houston alleges that Avis made "unfair and deceptive acts or practices in commerce." Dkt. 1-1 at 230. Again, she attempts to assert "a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. She neither states a plausible DTPA claim nor meets the heightened pleading requirements of Rule 9(b). *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) ("It is well-established that "[c]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b).").

Finally, Houston's DTPA claim also is barred by the economic loss rule. *See Robinson v. Bank of Am., N.A.*, No. SA-25-CV-00381-JKP, 2026 WL 1195528, at *4 (W.D. Tex. Apr. 29, 2026) (dismissing DTPA claim as barred by the economic loss rule when plaintiff failed to allege any act or practice that could have resulted in liability under the DTPA even in the absence of a contract between the parties).

**F. Fair Debt Collection Act**

To plead a viable claim under the Fair Debt Collection Practices Act ("FDCPA"), Houston must allege that (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 782 (E.D. Tex. 2023).

Houston's FDCPA claim fails because she alleges no facts showing that Avis was a "debt collector" as defined in the FDCPA. "Debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA's definition of debt collector focuses on third party collection of debts, "not on a debt owner seeking to collect debts for itself." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017). A creditor attempting to collect its own debt, like Avis, is not considered a debt collector under the FDCPA. *Id.*; *Berrocal v. Nissan Motors*, 830 F. Supp. 3d 553, 560 (W.D. Tex. 2025). This Magistrate Judge also recommends that Houston's FDCPA claim be dismissed.

**G. Conclusion**

For these reasons, Houston states no plausible claim for relief. The Court recommends that Avis's Rule 12(b)(6) Motion to Dismiss should be granted.

## IV. Motion for Leave to Amend

Houston seeks leave to amend her petition in her Amended and Supplemental Expedited Consolidated Emergency Motion to Reset. Dkt. 14 at 10. "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir.

2003). In deciding whether to grant leave to amend, the court may consider factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Allen*, 907 F.3d at 184 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court was within its discretion to deny leave to amend." *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022).

The Court finds that amendment would be futile. Despite filing more than 50 pleadings, motions, and other papers and changing her theory of the case multiple times, Houston states no plausible claim for relief against Avis. At a certain point, a plaintiff has pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

The Court **DENIES** Houston's motion for leave to amend her petition (Dkt. 14 at 10).

## V. Pre-Filing Bar

On May 1, 2026, the Court struck eleven of Houston's motions as frivolous, duplicative, and malicious. Dkt. 34. In that Order, the Court warned Houston that if she did not cease filing duplicative and frivolous motions, the Court may "impose appropriate sanctions, including monetary sanctions and a pre-filing bar requiring her to seek and receive permission from the Court before filing future motions in this case." *Id.* at 3. Despite the Court's clear warning, Houston has continued to file frivolous and duplicative motions. The Court bars Houston from filing any future motions in this suit without seeking and receiving permission from the Court to do so.

## VI. Order

Because Houston does not state a viable claim for relief and the Court recommends dismissal of this case in its entirety, the Court **DENIES** all Plaintiff's non-dispositive pending motions **(**Dkts. 14, 27, 37, 39, 41, 43 and 44).

The Court also **BARS** Houston from filing any future motions in this case without seeking and receiving permission from the Court.

## VII. Recommendation

This Magistrate Judge **RECOMMENDS** that the Honorable District Judge (1) **DENY** Plaintiff's Emergency Motion to Remand (Dkt. 3); (2) **GRANT** Defendant's Motion to Dismiss Plaintiff's Claims Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 12); and (3) **ENTER** Final Judgment for Defendant.

**IT IS ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable District Judge.

## VIII. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 19, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE